**CÍA. RON CARIOCA DESTILERÍA, INC.**, demandante y apelante, *v.* **LEE D. MILLER**, demandado y apelado.

Núm. 8870.—*Sometido:* Mayo 2, 1944. *Resuelto:* Julio 26, 1944.

*James R. Beverley, R. Castro Fernández* y *José López Baralt,* abogados de la apelante; *Otero Suro & Otero Suro,* abogados del apelado.

1

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

La corporación demandante y apelante, alegando ser dueña de 32 cartones y 3 cajas de maderas que contienen extractos para la preparación de licores de un valor de $1,000, los cuales alega están siendo retenidos injustamente por el demandado y depositados a su orden y bajo su control con la firma Sobrinos de Izquierdo, Inc., de San Juan, solicitó sentencia por la que se condenase al demandado a entregar los cartones y cajas mencionados y al pago de las costas y honorarios de abogado. A requerimiento de la demandante y previa prestación de fianza por $2,000, el márshal de la Corte de Distrito de San Juan se incautó de los bienes en controversia y los depositó en poder del Sr. Jack Feldstein.

El demandado negó específicamente los hechos esenciales de la demanda, alegando en contrario que los bienes en litigio, valorados en $4,500, son y han sido siempre de su exclusiva propiedad, habiéndolos manufacturado el mismo demandado en su planta "Compañía Productos de Frutas Tropicales", dedicada a la fabricación de extractos y esencias para la elaboración de licores y otros productos; que en noviembre 30, 1940, el demandado celebró un contrato por el término de dos años, comprometiéndose a vender extractos y esencias a la demandante, pero nunca llegó a vender o traspasar a dicha demandante los bienes objeto de este pleito, la propiedad de los cuales siempre retuvo; y, por último, que la demanda no aduce hechos suficientes para constituir causa de acción.

En mayo 20 de 1943, la corte inferior dictó la siguiente sentencia:

"Habiendo la parte demandante manifestado a la Corte que no tiene prueba para sostener las alegaciones de su demanda tal como han quedado en ella, después de haberse denegado en este estado del caso la enmienda propuesta, la Corte dicta sentencia declarando sin lugar la demanda, con las costas, etc."

Apeló la demandante, alegando que la corte inferior erró al denegar el permiso solicitado para enmendar la demanda;

al dejar sin efecto su previa admisión en evidencia del contrato entre las partes; y al condenar a la demandante al pago de honorarios.

La acción que la demandante trató de ejercitar en su demanda original es la que autoriza el artículo 170 y siguientes del Código de Enjuiciamiento Civil para reclamar la entrega de bienes muebles pertenecientes a la demandante, como dueña, y la posesión de los cuales está siendo retenida injustamente por el demandado. Los hechos, tal y como han sido alegados, exponen una causa de acción de naturaleza *ex delicto*. La acción de reclamación de bienes, puede sin duda alguna tener su origen en un contrato, pero el hecho es que en la demanda original no encontramos alegación alguna que tienda a demostrar la existencia de relaciones contractuales entre la demandante y el demandado.

En el acto de la vista celebrada el 19 de mayo de 1943, la demandante trató infructuosamente de probar que era dueña y con derecho a la inmediata posesión de los bienes en controversia. Al ser rechazado el contrato ofrecido en evidencia por la demandante, con el propósito de demostrar que su derecho a la posesión de los bienes surgía no de su condición de dueña y sí de los términos y condiciones del contrato entre ella y el demandado Miller, la demandante solicitó permiso para enmendar su demanda en el sentido de "que tenemos derecho a la posesión de esos bienes a virtud de ese contrato." No erró la corte inferior al denegar el permiso para enmendar la demanda en el sentido indicado. La enmienda propuesta no era permisible por la razón de que de acuerdo con los términos del contrato ofrecido en evidencia y de acuerdo con lo manifestado por la propia parte demandante, la determinación del derecho de la demandante a la posesión de los bienes envolvería el examen de los libros de contabilidad de ambas partes litigantes y la liquidación de cuentas entre las partes. Bancroft's Code Pleading, Vol. I, §523, pág. 755.

Tampoco cometió la corte inferior el segundo de los errores señalados por la apelante. El alegado contrato fué ofrecido por la demandante en apoyo de una moción para que se nombrase un contable para examinar las cuentas entre las dos partes contratantes, y no como prueba para sostener las alegaciones de la demanda. La demandante insistió más tarde en que se admitiese el contrato en todos efectos, alegando que si se practicase una liquidación de cuentas de acuerdo con los términos de dicho contrato se vería que la demandante tenía el título y el derecho de posesión sobre los bienes en litigio.

La acción ejercitada por la demandante es una acción posesoria (*replevin*), basada en el alegado derecho de la demandante a la inmediata posesión de bienes injustamente retenidos por el demandado. Para que proceda la acción posesoria (*replevin*) es necesario que el demandante alegue y pruebe que en el momento en que radicó su demanda él tenía derecho a la posesión que reclama. *Cortés & Segura, Inc.* v. *Cortés,* 40 D.P.R. 547; 46 Am. Jur. 15; 54 C.J. 505. Que la demandante en este caso no tenía derecho en la fecha en que radicó su demanda a reclamar la inmediata posesión de los bienes fué un hecho admitido por su propio abogado al expresarse así en el acto de la vista:

"Explicada ya la teoría de nuestro caso, vamos ahora a hacer la moción de que la contabilidad de la demandante sea examinada por un Arbitrio, por un *Master,* para determinar quién tiene derecho a la posesión de esos bienes; si el señor Miller le debe dinero a la Carioca o no le debe. Si le debe entonces no hay nada más que concluir que, de acuerdo con lo convenido por las partes en este contrato, la demandante tiene derecho a la posesión de esos bienes muebles. Si el señor Miller no le debe un centavo a la Carioca, entonces confesamos que no tendríamos derecho nosotros. Esa es la teoría nuestra." (T. de E., págs. 2 y 3.)

Como se ve, la determinación de cuál de las dos partes litigantes tiene derecho a la inmediata posesión de los bienes depende de la liquidación de las cuentas habidas entre las

partes por virtud del contrato ofrecido en evidencia y no admitido por la corte inferior. De acuerdo con los términos de dicho contrato, el derecho de la demandante a tomar posesión de los bienes solamente podría ejercitarse en el caso previsto en la cláusula 6, que dice:

"Si a la terminación de este contrato resultare un balance en favor de Carioca y en contra de Miller, Carioca, después de haber transcurrido noventa días, tendrá derecho a tomar posesión de la planta, equipo y materiales para reeembolsarse por medio de la venta de los mismos."

Una acción para el cumplimiento específico del contrato, con embargo preventivo de los bienes, sería suficiente para proteger los derechos de la demandante. La corte inferior no abusó de su discreción al negarse a conceder permiso para enmendar la demanda en el sentido indicado. Tampoco cometió error al imponer a la demandante el pago de honorarios.

*La sentencia recurrida debe ser confirmada.*